**GUTRIDE SAFIER LLP**
Seth A. Safier (SBN 197427)
seth@gutridesafier.com
Hayley A. Reynolds (SBN 306427)
hayley@gutridesafier.com
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 639-9090
Facsimile: (415) 449-6469

Attorneys for Plaintiffs Rafael Paschoal, Lisa
Chong, and Adina Ringler

**MAYER BROWN LLP**
Dale J. Giali (SBN 150382)
dgiali@mayerbrown.com
Keri E. Borders (SBN 194015)
kborders@mayerbrown.com
350 South Grand Avenue, 25th Floor
Los Angeles, California 90071-1503
Telephone: (213) 229-5143
Facsimile: (213) 576-8149

Attorneys for Defendant Campbell Soup
Company

**WINSTON & STRAWN LLP**
Christopher M. Murphy (admitted *pro hac
vice*)
cmmurphy@winston.com
35 W. Wacker Drive
Chicago, IL 60601
Telephone: (312) 558-7436
Facsimile: (312) 558-5700

**WINSTON & STRAWN LLP**
Dana L. Cook-Milligan
dlcook@winston.com
101 California St., 35th Floor
San Francisco, CA 94111
Telephone: (415) 591-1000

Attorneys for Defendants Sun-Maid
Growers of California and Plum, PBC

# UNITED STATES DISTRICT COURT FOR THE

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL PASCHOAL, LISA CHONG, and ADINA RINGLER, as individuals, on behalf of themselves, the general public and those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CAMPBELL SOUP COMPANY, SUN-MAID GROWERS OF CALIFORNIA, and PLUM, PBC.,<br><br>Defendants. | Case No.:  4:21-cv-07029-HSG<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br><br>**DATE:  MARCH 31, 2022<br>TIME:  2:00 P.M.**<br><br><br>**HON. HAYWOOD S. GILLIAM, JR.** |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

The parties, Rafael Paschoal, Lisa Chong, and Adina Ringler (collectively, "Plaintiffs") and Campbell Soup Company ("Campbell Soup"), Sun-Maid Growers of California ("Sun-Maid") and Plum, PBC ("Plum") (collectively, "Defendants"), submit this Joint Case Management Statement pursuant to this Court's October 6, 2021 Order (Dkt. # 17), this Court's December 6, 2021 Order (Dkt. # 42), Rules 16 and 26(f) of the Federal Rules of Civil Procedure, Local Rule 16-9(a), and the Standing Order for All Judges of the Northern District of California.

1.      **Jurisdiction and Service**

On September 10, 2021, Plaintiffs commenced this putative class action by filing a Class Action Complaint in this Court. Defendants Campbell Soup and Sun-Maid were served on September 27, 2021 and September 10, 2021, respectively. On October 28, 2021, Plaintiffs filed an amended complaint (Dkt. # 24) in which Plaintiffs added Plum as a defendant. Plum executed a waiver of service. The Class Action Fairness Act of 2005, 28 U.S.C.A. § 1711, *et seq.*, provides the basis for the Court's subject matter jurisdiction over Plaintiffs' claims.

2.      **Facts:**

<u>Plaintiffs' Statement:</u>

Defendants manufacture, distribute, market, advertise, and sell a variety of baby and toddler food products intended for children under the age of two under the brand name "Plum Organics." Many of these products predominately, uniformly, and consistently make nutrient content claims, such as "3g Protein," "4g Fiber," and "200mg Omega-3 ALA from Chia," on the principal display panel of the product labels (the "Products"). Plaintiffs allege that Defendants' claims are unlawful and are misleading to consumers because FDA regulations explicitly prohibit nutrient content claims on food intended for children under two. 21 C.F.R. § 101.13(b)(3). The regulations create a few specific exceptions to the general prohibition against nutrient content claims on foods intended for children under two, but none of the exceptions apply here. According to the regulations, nutrient content claims can be expressed or implied. 21 C.F.R. § 101.13(b)(1), 21 C.F.R. § 101.13(b)(2). An express nutrient content claim is "any direct statement about the level (or range) of a nutrient in the food." 21 C.F.R. § 101.13(b)(1).

An implied nutrient content claim "suggests that the food, because of its nutrient content, may be useful in maintaining healthy dietary practices and is made in association with an explicit claim or statement about a nutrient." 21 C.F.R. 1013(b)(2)(ii). The FDA implemented this prohibition because there is a "lack of evidence that an increased intake of nutrients is appropriate or recommended for children under two." 56 Fed. Reg. 60421.

The Products, which are intended for children under two, include both express and implied nutrient content claims. For example, Defendants have a line of baby food pouches called "Mighty Protein & Fiber," that make express nutrient content claims on the front label such as "3g Protein;" "4g Fiber;" and "200mg Omega-3 ALA from Chia." *See* 21 C.F.R. § 101.13 ("An expressed nutrient content claim is any direct statement about the level (or range) of a nutrient in the food, e.g., 'low sodium' or 'contains 100 calories.'"); 21 C.F.R. § 101.13(c) (declaring on the front label of a product any information required to be stated in the nutrition facts panel, e.g. "3g Protein" or "4g Fiber," "is a nutrient content claim and is subject to the requirements for nutrient content claims"); 21 C.F.R. § 101.13(i) (regulates as a nutrient content claim any "statement about the amount or percentage of a nutrient.").

Likewise, the "Super Smoothie Nutrient-Dense Blend" line of baby food pouches make implied nutrient content claims on the front label such as "Nutrient-Dense Blend," alongside express claims of "4g Fiber;" "100mg Omega-3 ALA from Chia;" and "7 Essential Nutrients." The back of the pouches claim, "We developed the Super Smoothie to fuel your little one . . . with a nutritious blend of fruits and veggies," and further states "Exposure to key nutrients in the first 1000 days is critical for a child's development." These implied claims mislead consumers and are explicitly prohibited.

Identical federal and California laws regulate the content of labels on packaged food and require truthful, accurate information on the labels of the packaged foods. Under the FDCA, the term "misleading" covers labels that, while technically true, are likely to deceive consumers. Here, the unlawful nutrient content claims deceive consumers by making consumers think Defendants' Products are superior to competitor products that do not make unlawful claims. Under the FDCA, if any single representation on the labeling is misleading, the entire food is

misbranded, and no other statement in the labeling can cure a misleading statement. Under California law, a food product that is "misbranded" cannot legally be manufactured, advertised, distributed, sold, or possessed. Misbranded products have no economic value and are legally worthless. Representing that the Products will provide specific health benefits by making unlawful nutrient claims as the Products' labels do renders the products misbranded.

Consumers pay a price premium for baby food and toddler food products that make nutrient content claims. Therefore, Defendants can increase their sales and retain more profits by labeling their products as providing enhanced nutritional value. Defendants continue to launch new product lines with nutrient content claims to maintain their competitive edge, making it likely that Defendants will continue to advertise their Products misleadingly.

Plaintiffs have alleged sufficient facts to demonstrate that each Defendant is properly included in this suit. The decision to include impermissible nutrient content claims on the front labels of the Plum brand Products prior to May 2021 was made by Campbell, and Campbell accepted liability for the manufacture and sale of Plum brand baby food and snacks. In May 2021, Sun-Maid acquired those decision-making functions and the liability that attached to the manufacture and sale of Plum products.

Plaintiffs Paschoal, Chong, and Ringler are California consumers who purchased the Products for their children when their children were under the age of two because the labels contained nutrient content claims. They believed the Products to be superior in providing nutrition for their children. Had Defendants not unlawfully and misleadingly labeled the Products, Plaintiffs would not have purchased them, or at the very minimum, would have paid less for the Products.

<u>Defendants' Statement</u>:

Defendants Campbell Soup and Sun-Maid are not proper parties to this lawsuit. Plum was a wholly-owned subsidiary of Campbell Soup from 2013 to 2021, and during that time, Plum was a separate legal entity, incorporated in Delaware as a Public Benefit Corporation, the sole holder of the Plum brand and related intellectual property.  On May 3, 2021, Sun-Maid purchased Plum from Campbell Soup.  Since May 3, 2021, Plum has been a wholly-owned

subsidiary of Sun-Maid.  Plaintiffs do not allege any basis to hold Campbell Soup or Sun-Maid liable for the acts of Plum, a distinct legal entity.

Defendants deny that the labels on Plum products make nutrient content claims. Objective, quantitative statements about the level of a nutrient in a food are not nutrient content claims because they do not "expressly or implicitly characterize[]" the level of the nutrient. 21 C.F.R. § 101.13(b). In fact, FDA regulations specifically permit manufacturers to make objective, quantitative statements about the level of a nutrient in a food on the principal display panel (or front label) for the food as long as the statements do not implicitly characterize the level of the nutrient and are not false or misleading. 21 C.F.R. § 101.13(i)(3).

Alternatively, even if a quantitative statement of the amount of a nutrient were deemed a nutrient content claim, then it still may be made to children less than two under 21 C.F.R. § 101.13(b)(3) because Section 101.13(b)(3) creates an exception for statements that are "specifically provided for in parts 101, 105, or 107 of this chapter."  Specifically, as discussed above, quantitative statements of the amount of a nutrient are specifically provided for in Section 101.13(i)(3) of part 101.

The objective, quantitative statements on the front labels of the Plum products are required by FDA regulations to be included in the Nutrition Facts Panel on the back labels of the Plum products. Those statements that appear on the front and back labels are accurate and are neither false nor misleading.

Plaintiffs have no injury or damages. The challenged statements that appear on the front and back labels are accurate and are neither false nor misleading; consequently, Plaintiffs received exactly what they thought they were purchasing. They did not pay a price premium.

### 3.   Legal Issues:

Plaintiffs' Statement:

Plaintiffs allege violations of the Consumers Legal Remedies Act (the "CLRA"), California Civil Code § 1750, *et seq.*; False Advertising, Business, and Professions Code § 17500, *et seq.* ("FAL"); Common Law Fraud, Deceit and/or Misrepresentation; Unlawful, unfair, and fraudulent trade practices a violation of Business and Professions Code § 17200, *et*

*seq.* ("UCL"); and Unjust Enrichment. As described above, the statements at issue are unlawful nutrient content claims and the regulations do not contain an exception that allows the claims at issue here to be made on products intended for children under two. Thus, the statements are unlawful and mislead consumers.

*Buckman* preemption does not apply to these food label claims, which are a domain typically occupied by the states. Unlike the claims in *Buckman*, Plaintiffs' claims do not amount to a fraud on the FDA by virtue of improper conduct during an FDA premarket approval scheme, but rather are violations of state food labelling regulations that parallel the FDA regulations. Thus, Plaintiffs' claims are not impliedly preempted.

As described above, Plaintiffs have alleged sufficient facts to demonstrate that Plum, PBC's parent companies, Campbell Soup and later Sun-Maid, controlled the decisions at issue here and share liability for the conduct.

<u>Defendants' Statement</u>:

Defendants Campbell Soup and Sun-Maid are not proper parties to this lawsuit. As noted above, Plum was a wholly-owned subsidiary of Campbell Soup from 2013 to 2021, and during that time, Plum was a separate legal entity, incorporated in Delaware as a Public Benefit Corporation, the sole holder of the Plum brand and related intellectual property.  On May 3, 2021, Sun-Maid purchased Plum from Campbell Soup. Since May 3, 2021, Plum has been a wholly-owned subsidiary of Sun-Maid.  Plaintiffs do not allege any basis to hold Campbell Soup or Sun-Maid liable for the acts of Plum, a distinct legal entity.

Plaintiffs also fail to state a claim against Plum because Plum's labels do not violate the FDA regulations. Plum's product labels do not make nutrient content claims as defined by 21 C.F.R. § 101.13(b). Indeed, FDA specifically permits objective, quantitative statements about the level of a nutrient to appear on the principal display panel (or front label) for the food under 21 C.F.R. § 101.13(i)(3).

Alternatively, even if a quantitative statement of the amount of a nutrient were deemed a nutrient content claim, then it still may be made to children less than two under 21 C.F.R. § 101.13(b)(3) because Section 101.13(b)(3) creates an exception for statements that are

1   "specifically provided for in parts 101, 105, or 107 of this chapter."  Specifically, as discussed

2   above, quantitative statements of the amount of a nutrient are specifically provided for in

3   Section 101.13(i)(3) of part 101.

4          Additionally, Plaintiffs' action is an attempt to enforce purportedly applicable FDA

5   regulations governing nutrient content claims against Defendants. But there is no private right of

6   action to enforce these regulations, and Plaintiffs' improper attempt to do so is impliedly

7   preempted under *Buckman Co. v. Plaintiffs' Legal Committee*, 531 U.S. 341, 353 (2001). *See,*

8   *e.g.*, *Chong v. KIND LLC,* --- F. Supp. 3d ---, 2022 WL 464149 at *3-4 (N.D. Cal. Feb. 15, 2022)

9   (dismissing as impliedly preempted under *Buckman* a class action complaint alleging that food labels

10  violate FDA regulations).  Alternatively, the case should be stayed or dismissed pursuant to the

11  primary jurisdiction doctrine. Plaintiffs do not have any legally cognizable injury, and Plaintiffs

12  also do not have standing to seek injunctive relief.

13          **4.      Motions:**

14          Defendants filed motions to dismiss on December 2, 2021 (Dkts. # 36, 38). Those

15  motions are fully briefed and a hearing on the motions is set for March 31, 2022.

16          <u>Plaintiffs' Statement:</u>

17          Plaintiffs anticipate filing a motion for class certification. Plaintiffs are hopeful that the

18  parties will be able to resolve all their discovery disputes without the assistance of this Court,

19  but disagreements about discovery are common in complex matters, and Plaintiffs may need to

20  seek guidance on the scope or timing of that discovery. Plaintiffs reserve the right to file other

21  motions as appropriate, including a motion for summary judgment (or partial summary

22  judgment), and pretrial motions, including motions in limine.

23          <u>Defendants' Statement:</u>

24          Defendants anticipate filing motions for summary judgment if Plaintiffs' claims are not

25  dismissed at the pleading stage. Defendants reserve the right to file other motions as

26  appropriate, including discovery motions and pretrial motions, such as *Daubert* motions and

27  motions in limine.

28

**5.    Amendment of Pleadings:**

The parties propose a deadline for amending pleadings six (6) months after the Court rules on the pending motion to dismiss or any subsequent motion to dismiss, whichever is later.

**6.    Evidence Preservation:**

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. The parties will jointly propose an appropriate ESI stipulation to be submitted to the Court.  The parties have preserved evidence in their possession, custody, or control.

**7.    Disclosures:**

Plaintiffs and Campbell Soup served their initial disclosures on December 13, 2021. Sun-Maid and Plum served their initial disclosures on December 21, 2021.

**8.    Discovery:**

The parties have stipulated to, and the Court has approved, a Protective Order (Dkt # 60, 61). The parties will jointly propose an appropriate order regarding the discovery of electronically stored information ("ESI") to be submitted to the Court.

Plaintiffs' Statement:

Plaintiffs served interrogatories and requests for production on Defendants on December 1, 2021. Defendants have not yet responded to those discovery requests because the parties stipulated to stay party discovery until March 31, 2022. ECF 50. Plaintiffs subpoenaed third party IRI regarding sales data. Plaintiffs anticipate deposing Defendants pursuant to Fed. R. Civ. Pro. 30(b)(6) and Defendants' employees with knowledge relevant to Plaintiffs' claims.

Defendants' Statement:

If Plaintiffs' claims are not dismissed at the pleading stage, Defendants intend to serve interrogatories, requests for production and requests for admission on Plaintiffs. Defendants also anticipate deposing Plaintiffs.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**9.    Class Action Matters:**

The parties agree on the following schedule for briefing on Plaintiffs' motion for class certification:

| | |
|---|---|
| Deadline for Plaintiffs to file their motion for class certification and any expert report(s) in support thereof | Eight (8) months after Defendants file their answer to the operative complaint |
| Deadline for Defendants to file their opposition to the motion for class certification and any expert report(s) in support thereof | Eight (8) weeks after Plaintiffs files their motion for class certification |
| Deadline for Plaintiffs to file their rely in support of the motion for class certification | Eight (8) weeks after Defendants file their opposition to the motion for class certification |

<u>Plaintiffs' Statement</u>:

Plaintiffs make the following disclosures as required by N.D. Cal. Civil L.R. 16-9(b). Plaintiffs seek to represent the following groups of similarly situated persons, defined as follows:

- <u>Nationwide Class</u>: All persons in the United States who purchased the Products between May 27, 2017, and the present.

- <u>California Subclass</u>: All persons in the State of California who purchased the Products between May 27, 2017, and the present.

Plaintiffs contend that this action involves common questions of law and fact to the Classes because each Class member's claim derives from deceptive, unlawful, or unfair statements and omissions that led them to rely on the unlawful nutrient content claims on the Product labels. The common questions of law and fact predominate over individual questions, as proof of a common or single set of facts will establish the right to each member of the Classes to recover. The questions of law and fact common the Classes are:

a.    Whether the marketing, advertising, packaging, labeling, and other promotional materials for the Products are deceptive and/or unlawful;

b.    Whether Defendants' actions violate Federal and California laws invoked herein;

c.      Whether labeling the Products with unlawful nutrient content claims causes the Products to command a price premium in the market as compared with similar products that do not make such unlawful claims;

d.      Whether Defendants' advertising and marketing regarding the Products was likely to deceive reasonable consumers;

e.      Whether representations regarding the nutrient content of the Products are material to a reasonable consumer;

f.      Whether Defendants engaged in the behavior knowingly, recklessly, or negligently;

g.      The amount of profits and revenues earned by Defendants as a result of the conduct;

h.      Whether class members are entitled to restitution, injunctive, and other equitable relief and, if so, what is the nature (and amount) of such relief; and

i.      Whether class members are entitled to payment of actual, incidental, consequential, exemplary, and/or statutory damages plus interest thereon, and if so, what is the nature of such relief.

Plaintiffs contends that the class can be certified consistent with the requirements of Fed. R. Civ. P. 23(b)(2) or (b)(3).

Defendants' Statement:

Defendants deny that class certification of any class is appropriate.

**10.      Related Cases**

The parties do not currently seek to deem any other pending cases "related" to this case.

**11.      Relief:**

Plaintiffs' Statement:

As set forth in the First Amended Complaint, Plaintiffs seek damages, restitution, injunctive relief, costs, attorneys' fees, and any other relief that the Court may deem just and proper.

<u>Defendants' Statement</u>:

Plaintiffs have no injury or damages. The challenged statements that appear on the front and back labels are accurate and are neither false nor misleading; consequently, Plaintiffs received exactly what they thought they were purchasing. They have no legally cognizable injury. They did not pay a price premium. They do not have standing to seek injunctive relief.

**12.    Settlement and ADR:**

No ADR efforts have been made to date.

**13.    Assignment to Judge Haywood Gilliam, Jr. for All Purposes:**

The parties did not agree to the assignment of this case to a magistrate judge. The case was assigned to Judge Haywood Gilliam, Jr. for all purposes on October 5, 2021.

**14.    Other References:**

At this time, the parties do not believe that these cases are suitable for MDL treatment or reference to binding arbitration or a special master.

**15.    Narrowing of Issues:**

The parties do not propose any methods to narrow the issues.

**16.    Expedited Trial Procedure:**

The parties do not believe this case is suitable for treatment on an expedited basis.

**17.    Scheduling:**

The parties have proposed a deadline to amend the pleadings above in Section 5 and a schedule for briefing on the anticipated motion for class certification above in Section 8. The parties propose that remaining deadlines for the completion of fact and expert discovery and other pre-trial deadlines be set after this Court's order on class certification, when the parties will be better able to assess the remaining discovery and experts needed.

**18.    Trial:**

<u>Plaintiffs' Statement</u>:

Plaintiffs have demanded a jury trial. Plaintiffs believe it is premature to estimate the length of the trial at this time.

JOINT CASE MANAGEMENT STATEMENT
CASE NO. 21-CV-07029-HSG

1

2

<u>Defendants' Statement</u>:

Defendants anticipate two weeks for trial.

3

**19.     Disclosure of Non-Party Interested Entities or Persons:**

4

<u>Plaintiffs' Statement</u>:

5

6

7

8

9

10

Pursuant to Civil Local Rule 3-16, the undersigned counsel certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations), or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding.  These representations are made to enable the Court to evaluate possible disqualification or recusal.

11

Plaintiffs Rafael Paschoal, Lisa Chong, and Adina Ringler

12

Putative class members

13

<u>Defendants' Statement</u>:

14

15

16

17

18

19

20

Pursuant to Civil Local Rule 3-16, the undersigned counsel on behalf of Sun-Maid and Plum certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations), or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding.  These representations are made to enable the Court to evaluate possible disqualification or recusal.

21

Hamilton Managing General Agency Americas LLC

22

23

24

25

26

Campbell Soup filed its Certification of Interested Entities or Persons on October 26, 2021 (Dkt. # 23). Other than the parties themselves, Campbell Soup is not aware of any persons, firms, partnerships, corporations, or other entities that have either (a) a financial interest in the subject matter of this proceeding or (b) any other kind of interest that could be substantially affected by the outcome of the proceeding.

27

28

JOINT CASE MANAGEMENT STATEMENT
CASE NO. 21-CV-07029-HSG

**20.     Professional Conduct:**

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21.     Other Matters:**

None at this time.


Dated: March 24, 2022                           **GUTRIDE SAFIER LLP**
                                                SETH A. SAFIER
                                                MARIE A. MCCRARY
                                                HAYLEY A. REYNOLDS

                                                By: */s/ Hayley Reynolds*

                                                Attorneys for Plaintiffs Rafael Paschoal,
                                                Lisa Chong, and Adina Ringler


Dated: March 24, 2022                           **WINSTON & STRAWN LLP**
                                                CHRISTOPHER M. MURPHY
                                                DANA L. COOK-MILLIGAN



                                                By: */s/ Christopher Murphy*

                                                Attorneys for Defendant Sun-Maid Growers
                                                of California and Plum, PBC

Dated: March 24, 2022                           **MAYER BROWN LLP**
                                                DALE J. GIALI
                                                KERI E. BORDERS
                                                JENNIFER M. CHANG



                                                By: */s/Jennifer Chang*
                                                Attorneys for Defendant Campbell Soup
                                                Company

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>ATTESTATION OF CONCURRENCE IN FILING</u>

In accordance with the Northern District of California Local Rule 5-1(i)(3), I attest that

concurrence in the filing of this document has been obtained from each of the signatories who are

listed on the signature page.

Dated:  March 24, 2022

/s/*Hayley Reynolds*

Hayley A. Reynolds
GUTRIDE SAFIER LLP
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone:   (415) 639-9090
Facsimile:    (415) 449-6469

Attorneys for Plaintiffs

JOINT CASE MANAGEMENT STATEMENT
CASE NO. 21-CV-07029-HSG